

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-7-2008

# Kustianto v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3988

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Kustianto v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1259.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1259

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-3988

RIDWAN KUSTIANTO

Petitioner

v.

ATTORNEY GENERAL OF
THE UNITED STATES,

Respondent

On Petition for Review of an Order
of the Board of Immigration Appeals
(No. A95-963-739)
Immigration Judge: Hon. Eugene Pugliese

Submitted Under Third Circuit LAR 34.1(a)
March 14, 2008

Before: FUENTES, CHAGARES, and VAN ANTWERPEN, Circuit Judges

(Opinion filed:   May 7, 2008)

OPINION

CHAGARES, Circuit Judge

Ridwan Kustianto petitions for review of the Board of Immigration Appeals'

("BIA") order of August 14, 2006, denying his motion to reopen. For the reasons given below, his petition will be denied.

I.

Kustianto, an ethnic Chinese Christian who resided in Indonesia, entered the United States as a business visitor on August 11, 2000. Although authorized to stay only until August 20, 2000, Kustianto remained in this country after that date. On April 8, 2003, the Department of Homeland Security (DHS) initiated removal proceedings against Kustianto by serving him a Notice to Appear.

At a May 3, 2003 hearing before an Immigration Judge (IJ), Kustianto conceded removability. He applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), arguing that he would be subject to persecution and torture in Indonesia on account of his Christian faith. At a November 24, 2004 merits hearing, the IJ found Kustianto failed to file his asylum application within the one-year time period mandated by 8 U.S.C. § 1158(a)(2)(B) (and failed to establish changed or extraordinary circumstances to excuse the failure), and therefore was ineligible for asylum. The IJ also found that Kustianto failed to meet his burden of establishing either withholding of removal eligibility or eligibility under the CAT. The IJ therefore ordered Kustianto's removal.

Kustianto appealed, and the BIA affirmed on February 8, 2006. Kustianto did not seek judicial review of the BIA's decision. Rather, on June 2, 2006 – 114 days after the

2

BIA's action – he moved for reopening. On August 14, 2006, the BIA denied that motion as not timely filed. The BIA held that the evidence Kustianto submitted did not demonstrate the "changed country conditions" necessary to excuse his failure to file within the 90-day period mandated by 8 C.F.R. § 1003.2(c)(2). Kustianto has timely petitioned this Court for review of the BIA's August 14, 2006 order.

II.

We review the denial of a motion to reopen for abuse of discretion, "mindful of the broad deference that the Supreme Court would have us afford." Ezeagwuna v. Ashcroft, 325 F.3d 396, 409 (3d Cir. 2003) (internal quotation marks omitted). Under this standard, the BIA's decision will be reversed only "if it is arbitrary, irrational, or contrary to law." Sevoian v. Ashcroft, 290 F.3d 166, 175 (3d Cir. 2002) (internal quotation marks omitted).

III.

A motion to reopen "shall not be granted unless it appears to the Board that evidence sought to be offered . . . was not available and could not have been discovered or presented at the former hearing." Caushi v. Att'y Gen., 436 F.3d 220, 231 (3d Cir. 2006). Moreover, such motions must be filed within ninety days of the BIA's decision. See 8 C.F.R. § 1003.2(c)(2). As noted, Kustianto did not file his motion to reopen until 114 days after the BIA's decision, rendering it untimely.

The time-bar of § 1003.2(c)(2) does not apply, however, if the alien seeks to admit material evidence of "changed circumstances arising in the country of nationality or in the

3

country to which deportation has been ordered," which "was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii).

Kustianto contends that the BIA abused its discretion because it refused to consider the evidence he submitted in support of his motion on the ground that the evidence was time-barred. He claims that the BIA acted irrationally and arbitrarily because the evidence he sought to offer, namely letters from his father, sister, and a family friend, "is material and was not available and could not have been discovered or presented at the former hearing." (Petitioner's Br. at 9.)

Kustianto's argument fails for two reasons. First, contrary to the assertion in his brief to this Court, Kustianto testified at his November 24, 2004 hearing that he was in contact with his family in Indonesia, and discussed with them the conditions in that country. Therefore, he has not demonstrated that the material in the three letters he now seeks to admit was "not available" or "could not have been discovered or presented" at the November 24, 2004 hearing. 8 C.F.R. § 1003.2(c)(3)(ii). Second, nothing in the letters evinces "changed circumstances" in Indonesia – rather, the letters demonstrate only a continuation of exactly the types of problems that Kustianto complained of in his application for asylum, withholding of removal, and CAT relief. Accordingly, the letters are not sufficient grounds for considering an untimely motion to reopen.

IV.

For the reasons set forth above, we will deny Kustianto's petition for review.

4